FILED & ENTERED

MAR 23 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Tae Woon Kim and Chung Hee Kim,<br><br>          Debtors. | Case No. 2:15-bk-13630-RK<br><br>Chapter 7<br><br>Adversary No. 2:15-ap-01263-RK |
| Hee Ok Jung,<br><br>          Plaintiff,<br><br>vs.<br><br>Chung Hee Kim, et al.,<br><br>          Defendants. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S 12 DISCOVERY MOTIONS FILED IN STATE COURT BEFORE REMOVAL AND RENOTICED BY CHAPTER 7 TRUSTEE BEFORE THIS COURT**<br><br>Hearing:<br>Date:  March 29, 2016<br>Time:  2:30 p.m.<br>Ctrm:  1675<br>Place:  255 E. Temple St.<br>         Los Angeles, CA 90012 |

    On March 4, 2016, Dana M. Dorsett and Jeremy Cook, of the law firm of Moon & Dorsett, P.C., Special Counsel ("Special Counsel") for Chapter 7 Trustee, Edward M. Wolkowitz ("Trustee"), filed in this court a "Renotice of Plaintiff's 12 Discovery Motions filed February 5, 2015," ECF 35, seeking to renotice the 12 Discovery Motions originally filed by Plaintiff Hee Ok Jung ("Plaintiff") in the Superior Court of California, County of Los Angeles, Superior Court, noticing such motions for hearing on March 29, 2016 at 2:30

p.m. Trustee is now the real party in interest in prosecuting this adversary proceeding, and has substituted in for Plaintiff. A written objection to the "Renotice of Motions," ECF 36, was filed on March 17, 2016 on behalf of Defendants Hyun Park and Jeong Sik Kim by their counsel, S. Young Lim and Jessie Y. Kim, of the law firm of Park & Lim. Trustee by Special Counsel filed a reply to Defendants' objection, ECF 37, on March 22, 2016.

Having reviewed the docket for the above-captioned adversary proceeding, however, the court notes that copies of the 12 Discovery Motions have not been filed with the court in compliance with Local Bankruptcy Rule 9027-1(d). Local Bankruptcy Rule 9027-1(d)(1) expressly requires that, "Unless otherwise ordered by the court, the party filing a notice of removal must file with the clerk: . . . (B) A copy of every document on the docket, whether the document was filed by a party or entered by the court." Local Bankruptcy Rule 9027-1(d)(2) further requires that all such documents must be filed not later than: (A) 30 days after the date of filing of the notice of removal; or (B) if a motion to remand is filed prior to the expiration of such 30-day period, 14 days after entry of an order denying such motion to remand. Plaintiff's 12 Discovery Motions were not filed with the court by Defendants Tae Woon Kim and Chung Hee Kim with their notice of removal filed on May 18, 2015, ECF 1, nor were they filed within 14 days of the Order denying Plaintiff's motion for remand entered on July 30, 2015, ECF 19, as required by the local rules. Additionally, copies of Plaintiff's 12 Discovery Motions were not served on the court as required by Local Bankruptcy Rule 5005-2(d) ("A printed copy of any document filed with the court, either electronically or non-electronically, must be marked 'Judge's Copy' and served on the judge in chambers.").

Despite the obvious technical merit of Trustee's arguments in his reply to Defendants' objection to the Renotice of Motions originally filed in the Superior Court that state court rules, not federal court rules, apply to the Motions since the Motions were filed in state court before the action was removed to this court, the situation before this court to which the underlying action was removed remains the same that the Motions are not matters of record on this court's docket and copies have not been properly served on the

presiding judge, even though it may have been Defendants' duty to file copies of all documents filed with the state court in the removed action under the local rules.  Special Counsel cannot reasonably expect this court to rule on the merits of Plaintiff's 12 Discovery Motions when such motions are not of record in this court since copies have not been filed with this court nor served on this court (i.e., this situation presents a logistical problem of how can the judge rule on motions when no one has provided him with the moving papers either on the court's docket or with courtesy copies, and for some inexplicable reason, this problem did not occur to Special Counsel to the court's annoyance.).

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's 12 Discovery Motions are DENIED WITHOUT PREJUDICE for failure to comply with Local Bankruptcy Rules 5005-2(d) and 9027-1(d).
2. The hearing scheduled for March 29, 2016 at 2:30 p.m. based on Plaintiff's "Renotice of Hearing" is VACATED from the court's calendar.  No appearances are required at the March 29, 2016 hearing.
3. Since the court denies the Motions without prejudice, Trustee as Plaintiff's successor-in-interest may refile the Motions, which refiling will be post-removal and fully subject to the post-removal application of the applicable federal rules of procedure, including the requirement of a pre-filing discovery dispute conference and stipulation under Local Bankruptcy Rule 7026-1.  Trustee is hereby put on notice that the court will not consider the Motions unless and until copies of the Motions filed on the docket of this court for this adversary proceeding and properly served in accordance with this court's local rules of procedure, including service copies on the chambers of the undersigned judge

///

///

presiding in this case pursuant to Local Bankruptcy Rule 5005-2(d).  The parties are also put on notice that further transgressions of the local rules of procedure may result in the imposition of sanctions against culpable parties and their counsel.   Local Bankruptcy Rule 9011-3(a).

**IT IS SO ORDERED.**

###

Date: March 23, 2016

Robert Kwan
United States Bankruptcy Judge