**FILED & ENTERED**

APR 06 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>TAE WOON KIM and CHUNG HEE KIM,<br><br>        Debtors.<br><br>HEE OK JUNG,<br><br>        Plaintiff,<br><br>  v.<br><br>CHUNG HEE KIM, et al.,<br><br>        Defendants. | Case No. 2:15-bk-13630-RK<br><br>Chapter 7<br><br>Adversary No. 2:15-ap-01263-RK<br><br>[Case No. BC541247 in the Superior Court of California, County of Los Angeles]<br><br>ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION FOR RELIEF UNDER FRBP 9024 AND FRCP 60 FROM THE COURT'S MARCH 23, 2016 ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S 12 DISCOVERY MOTIONS AND VACATING HEARING |

    Pending before the court is the motion filed by Dana M. Dorsett and Jeremy Cook, of the law firm of Moon & Dorsett, P.C., Special Counsel for the Chapter 7 Trustee, Edward M. Wolkowitz (Trustee), on behalf of Trustee for relief under Federal Rule of Bankruptcy Procedure (FRBP) 9024 and Federal Rule of Civil Procedure (FRCP) 60 from the court's March 23, 2016 order denying without prejudice plaintiff's 12 discovery motions, which motion for relief from prior order, or for reconsideration, was noticed for

1  hearing on April 19, 2016 at 2:30 p.m.  Having considered the motion for reconsideration
2  and the declaration Counsel for Defendants, S. Young Lim, of the law firm of Park & Lim,
3  filed in opposition thereto, the court determines that oral argument is not necessary,
4  dispenses with it, vacates the hearing on April 19, 2016 at 2:30 p.m. and rules as follows.
5      Special Counsel for Trustee who represented the original plaintiff creditor and now
6  the Chapter 7 Trustee, who substituted in for the original plaintiff, requests the court to
7  reconsider its denial of plaintiff's 12 discovery motions pending before the state court
8  prior to the removal of this action to this court for lack of compliance with the
9  requirements of the Local Bankruptcy Rules that the papers and pleadings filed in state
10 court, including the 12 discovery motions, must be filed with this court and that counsel
11 did not provide a judge's copy of the  motions to the court for consideration.  Special
12 Counsel had filed a "renotice" of these motions in this case removed to this court, but did
13 not actually refile the motions or provide a judge's copy of the motions to the court.
14     Special Counsel for Trustee argues that the court's premise that the state court
15 documents were not filed with the court was incorrect because defendants had actually
16 filed the documents, though admitting their omission in never identifying to the court in
17 their "renotice" of the motions the precise location of these documents on the court's
18 docket for the benefit of the court and the other parties.  Special Counsel argues that
19 reconsideration of the denial of the motions should be granted based on their "excusable
20 neglect" under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil
21 Procedure 60.  Special Counsel believe that they have rectified their earlier neglect by
22 not only now pointing out where and when the discovery motions were filed on the court's
23 case docket, but by also providing a judge's copy of the discovery motions to chambers.
24 The underlying premise of the reconsideration motion and the "renotice" of the discovery
25 motions is nonetheless that plaintiff may exclusively rely upon state court procedures for
26 this court to consider and rule upon these motions after removal.
27     In attempting to point out the court's premise that plaintiff's 12 discovery motions
28 were not filed on the court's docket was erroneous, Special Counsel for Trustee now

points out that prior counsel for defendants had filed copies of the state court pleadings in Docket No. 16 in compliance with Local Bankruptcy Rule 9027-1.  This is helpful information because Special Counsel for Trustee had not provided any meaningful information to the court in the "renotice" of the 12 discovery motions where the motions could be found on the court's docket.  Special Counsel for Trustee had not provided judge's copies of plaintiff's motions when the "renotice" was filed.  Special Counsel had not originally identified where the court could locate such motions on the case docket, leaving the court somewhat mystified as to what it was to rule upon.  (The term "renotice" is perhaps a misnomer because technically speaking, it was not a "renotice" to this court since the motions had never been previously noticed before the court.)   Thus, Special Counsel for Trustee has now attempted to rectify the situation by now providing judge's copies of the motions and identifying where on the docket they can be located.

In recognition of the recent efforts of Special Counsel for Trustee attempting to rectify their prior "excusable neglect," the basis for their motion for reconsideration, the court grants the motion for reconsideration in part and denies it in part upon the terms and conditions stated herein.  The court now orders the parties to comply with the procedural requirements of Local Bankruptcy Rule 7026-1 regarding plaintiff's 12 discovery motions originally filed in state court, specifically that the parties may only request a hearing on the motions once they have satisfied the procedural requirements of Local Bankruptcy Rule 7026-1.

In this regard, the court reviews the general procedures for a federal court in considering the effect of prior state court proceedings in a removed action.  A leading treatise on federal civil procedure before trial, the Rutter Group treatise, states:

> The federal court takes the action as it stood in the state court when removed.  Thus, all existing orders—including rulings on discovery and extensions of time to plead—remain in effect until modified by the federal court. [*Jenkins v. Commonwealth Land Title Ins. Co.* (9th Cir. 1996) 95 F3d 791, 795; see 28 USC § 1450—all "orders and other proceedings had in (state court) action prior to its removal *shall remain in full force and effect* until dissolved or modified by the district court" (emphasis and parentheses added)].

1 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶ 2:3528 at 2D-185 (2016). In this case, the state court did not issue discovery orders on plaintiff's 12 pending discovery motions, and Trustee "renoticed" the motions to obtain from this court the discovery orders not yet obtained.

With respect to pending discovery requests in a removed action, the Rutter Group treatise states:

> Arguably, discovery requests (e.g., notice of depositions, document demands, etc.) served before removal should also be given effect under 28 USC § 1450 unless modified or terminated by the federal court. Discovery requests appear to be "proceedings had in such action prior to removal" within the meaning of § 1450.
>
> However, the matter is unclear. [See *Visicorp v. Software Arts, Inc.* (ND CA 1983) 575 F. Supp. 1528, 1531 – "Whether or not such discovery is lodged with the state court, *it is not a matter which remains with any force or effect* after removal" (dictum)(emphasis added).

1 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶ 2:3533 at 2D-186. Thus, the Rutter Group treatise suggested a "practice pointer":

> Avoid the problem. The better practice in such cases is to contact opposing counsel and get a stipulation as to when the discovery in question shall be due. Or, if appropriate, simply serve additional discovery requests under the Federal Rules.

*Id.,* ¶ 2:3534 at 2D-186. The reference to the "Federal Rules" in the practice pointer alludes to the general proposition that "[o]nce a case has been removed from state court, it is subject to the Federal Rules of Civil Procedure." *Id.,* ¶ 2:3541 at 2D-187, *citing inter alia,* Fed. R. Civ. P. ("These rules apply to a civil action after it is removed from a state court.") and *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009)(federal pleading rules apply regardless of whether substantive law at issue is state law).

In this case, regardless of how one comes out on the issue of whether plaintiff's discovery requests should be given effect after removal pursuant to 28 U.S.C. § 1450, which issue does not appear to have been definitively decided as discussed herein, the court will assume that such requests should be given effect after removal pursuant to 28

U.S.C. § 1450, but, and this is an important "but," the court under the qualifying language of 28 U.S.C. § 1450 in exercising its discretion under its case management authority to supervise this litigation pursuant to Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16 will and does modify such effect to apply the requirements of the federal civil and bankruptcy procedural rules to the litigation involving the discovery requests.  The court did not make that clear in its prior order denying the discovery motions without prejudice as it perhaps should have, it does so now for the edification of the parties to avoid further misunderstanding of the court's expectations.

Whatever state court procedures applied when the discovery motions pending before that court are now superseded and modified to conform to the federal rules of procedure applicable in this court in conformance with the general principle that the federal rules apply after removal.  While the court does not require Trustee as plaintiff to re-serve or reformulate his discovery requests, he may do so, but if Trustee seeks to compel such requests by motion, the court orders that the parties comply with the applicable federal procedural rules governing discovery disputes, such as the prefiling meeting of counsel and discovery dispute stipulation requirements of Local Bankruptcy Rule 7026-1.  The court believes that since this court is a new venue for this litigation, there should be a fresh look at the litigation since there are "fresh eyes" to look at these motion papers, particularly since there are new players, including a new principal acting as the plaintiff, Trustee, and there are new counsel involved.  The changes in circumstances in this litigation may facilitate a more flexible approach to resolving this litigation than the kneejerk, combative litigation gamesmanship which has apparently burdened the parties while the case was pending in state court and until now.  This court has every confidence in its procedures for discovery dispute resolution as found in the local rules, which promote fair and efficient resolution of such disputes through constructive dialogue and orderly litigation between the disputing parties.  The court believes that its discovery dispute prefiling meeting of counsel and postconference discovery dispute stipulation procedures will be of assistance to the parties in narrowing

their differences, resolving undisputed issues and efficiently framing the remaining ones for formal resolution by the court (perhaps, for example, through such a prefiling meeting of counsel, much of this particular discovery dispute could be consensually resolved if Special Counsel for Trustee can accommodate the reasonable requests of counsel for Defendants new to this case for an extension of time to produce the requested discovery as a professional courtesy with much less expense before having to seek the court's assistance in obtaining the requested discovery which might result in a less desirable outcome).  The court not only commends these discovery dispute resolution procedures to the parties here, it will insist on strict compliance of the parties with these procedures under its inherent and regulatory case management authority.

For the foregoing reasons, Special Counsel for Trustee's motion for relief from the court's prior order, or for reconsideration, is granted in part, and denied in part, as set forth herein, and the hearing on the motion noticed for April 19, 2016 at 2:30 p.m. is vacated.  The court further orders as express conditions of its rulings herein that: (1) Trustee may only notice the 12 discovery motions for hearing by this court only after he and his special counsel comply with the federal procedural rules governing discovery disputes applicable in this court, including Local Bankruptcy Rule 7026-1; (2) any discovery dispute meeting of counsel pursuant to Local Bankruptcy Rule 7026-1(c)(2) must be conducted face-to-face in person to insure more cooperative and constructive dialogue between counsel rather than by telephone or electronic means as in the prior communications between them regarding this matter characterized by the unattractive, dismissive posturing by counsel as shown in their pointless exchange of bickering emails, copies of which were attached to the declaration of counsel for Defendants in opposition to the motion for reconsideration, which in this court's view exemplifies the dysfunctional, passive aggressive litigation gamesmanship that does not represent the level of professionalism and courtesy that is expected of practitioners in the Central District of California; and (3) Special Counsel for Trustee are ordered to personally consult with Trustee, Mr. Wolkowitz, regarding this order to insure that Trustee and his professionals

fully comply with the terms of this order, and file a declaration under penalty of perjury that they have apprised Trustee of this order and have personally consulted him about it by April 20, 2016.

IT IS SO ORDERED.

###

Date: April 6, 2016

_____
Robert Kwan
United States Bankruptcy Judge